IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JERRY and ASHLEY JACKSON, )
individually and on behalf of John Doe, )
a minor )
) No. 3-09-1005
v. )
)
SUMNER COUNTY BOARD OF )
EDUCATION; and DONNA )
WEIDENBENNER, individually and in )
her official capacity as the Special Needs )
Teacher of Station Camp Elementary )
School )

## O R D E R

By order entered May 13, 2010 (Docket Entry No. 44), a telephone conference call was scheduled with the Court on May 13, 2010, and rescheduled and held on May 14, 2010, at which time the defendants' joint motion for pre-deposition conference and order (Docket Entry No. 43) was GRANTED to the extent that a pre-deposition conference was held telephonically, and DENIED to the extent that the defendants sought to compel the plaintiffs to supplement their discovery responses prior to their depositions.

Essentially, the defendants argued that the plaintiffs failed to respond to multiple interrogatories or provided incomplete and evasive answers. Specifically, the defendants pointed to the plaintiffs' refusal to respond to interrogatories seeking the bases for the plaintiffs' claims. In addition, the plaintiffs responded to multiple interrogatories that they did not know the answers but would supplement after discovery was completed. Finally, the defendants maintained that they had not received complete medical records from Dr. Woodman.

Plaintiffs' counsel represented that there are no medical records that the defendants have not received. Based on that representation, there was nothing further for the Court to compel relating to Dr. Woodman's medical records.

The deposition of plaintiff Ashley Jackson was scheduled on either the week of May 17 or 24, 2010.[1] The Court was unwilling to convert the motion into a motion to compel and make a

---

[1] The Court's notes are not clear on which week the deposition was scheduled.

ruling without allowing the plaintiffs an opportunity to respond. Plaintiffs' counsel also represented that, upon inquiry from defendants' counsel at their depositions, the plaintiffs would testify about all facts relating to their claims, but that they will not be able to testify about which of the facts supports which claims asserted in this case. The defendants were also free to seek oral responses to the same questions to which the plaintiffs had responded that they did not know and would supplement after discovery. The defendants would then have the plaintiffs' sworn testimony that they did not know the information solicited.

The Court made no ruling on whether the plaintiffs should be compelled to supplement their responses to the written discovery, or whether additional depositions of the plaintiffs should be permitted after any supplement of written discovery or, if so permitted, whether the plaintiffs should bear the expense of those renewed depositions. However, plaintiff's counsel was aware of the risk of proceeding with the scheduled depositions in light of the issues raised by defendants prior thereto.

The Court advised that it would attempt to be available if disputes or questions arose during the plaintiffs' depositions, but the Court did not hear from counsel during those depositions.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

2