IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY and ASHLEY JACKSON Individually and o/b/o JOHN DOE, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>SUMNER COUNTY BOARD OF EDUCATION and DONNA WEIDENBENNER Individually and in her official capacity as Special Needs Teacher of Station Camp Elementary School,<br><br>Defendants. | Civil Action No. 3:09-cv-1005<br><br>Judge Thomas A. Wiseman, Jr.<br>Magistrate Judge Juliet E. Griffin |

## ORDER

Before the Court are three separate motions filed by Defendants Sumner County Board of Education ("Board") or Donna Weidenbenner: (1) Motion to Strike (Doc. No. 22), filed by the Board, seeking to strike the allegations set forth in Paragraph 7 of the Complaint; (2) Motion to Dismiss (Doc. No. 24), filed by the Board pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal on the grounds of lack of subject-matter jurisdiction and, alternatively, for failure to state a claim upon which relief may be granted; and (3) Motion to Dismiss (Doc. No. 27) filed on behalf of Weidenbenner, reiterating the Board's arguments for dismissal based upon Rule 12(b)(1) or 12(b)(6), but also asserting that the claims under Title II of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act, made against Weidenbenner in both her official and representative capacities, are subject to dismissal. Plaintiffs have filed one omnibus response in opposition to all three motions, and Sumner County has filed a single reply brief. The motions have been fully briefed and are ripe for resolution.

The allegations in the Complaint in this case are basically identical to those set forth in a related case, *Sagan v. Sumner County Board of Education et al.*, Case No. 3:09-cv-1003, except that the Complaint in the case at bar contains even fewer allegations pertaining specifically to the injuries allegedly suffered by the minor child on whose behalf suit is brought. In total, the Complaint alleges that "John Doe was verbally abused and physically assaulted by Miss Donna [Weidenbenner], including

shoving him three feet into a bookshelf." (Doc. No. 1, at ¶ 8.) The motions filed by the defendants in this case are likewise functionally identical to those filed in *Sagan*, which the Court addressed in a Memorandum Opinion filed in that case, incorporated herein by reference to the extent that it is relevant. (*Sagan v Sumner Cnty. Bd. of Educ.*, Case No. 3:09-cv-1003, July 6, 2010 Mem. Op., Doc. No. 43.) For the reasons set forth therein, the Court rules as follows:

(1) Weidenbenner's Motion to Dismiss (Doc. No. 27) is **GRANTED IN PART** insofar as Weidenbenner seeks dismissal, with prejudice, of the official-capacity and individual-capacity claims asserted against her in Count IV under the ADA and the Rehabilitation Act. Insofar as Weidenbenner's motion otherwise incorporates or mirrors the motion filed by the School Board, it is **GRANTED IN PART AND DENIED IN PART** on the same grounds as those set forth with reference specifically to the School Board's motion, below.

(2) Defendant Sumner County Board of Education's Motion to Dismiss (Doc. No. 24) is hereby **GRANTED IN PART AND DENIED IN PART**. Specifically, the motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction is **DENIED**; the motion to dismiss under Rule 12(b)(6) is **GRANTED IN PART** as follows:

- Count III of the Complaint, seeking damages based on Defendants' alleged violation of Plaintiffs' rights to familial association, and that portion of Count I alleging a violation of John Doe's right to familial association, are **DISMISSED** for failure to state a claim;
- Plaintiffs have failed to state a claim for a constitutional violation based upon alleged verbal abuse by Weidenbenner;
- The claims in Count IV of the Complaint against the Board are **DISMISSED WITHOUT PREJUDICE** based on failure to exhaust administrative remedies under the IDEA;
- Plaintiffs' claim against the School Board based directly upon Weidenbenner's behavior under a theory that Weidenbenner was an official policy maker for the Board is **DISMISSED**;
- Plaintiffs' § 1983 claim against the School Board based solely upon the School Board's purported "special relationship" with John Doe is **DISMISSED**.

In all other respects, the Defendants' Rule 12(b)(6) motions to dismiss are **DENIED**. To be sure, it appears unlikely that the plaintiffs will be able to prove an injury of constitutional magnitude based upon defendant Weidenbenner's having allegedly physically assaulted John Doe, shoving him into a bookshelf. *Cf.* Paul v. Davis, 424 U.S. 693, 699–701 (1976) (noting that not every tort rises to the level of a constitutional violation). Notwithstanding, because this case is still in the discovery phase, and in light of

the difficulties inherent in communicating with a hearing-impaired child, the Court will deny the motion to dismiss, and allow the discovery process to proceed.

    (3)  Defendants' Motion to Strike paragraph 7 of the Complaint (Doc. No. 22) is **DENIED**.

This matter is referred back to the Magistrate Judge for further case management as may be necessary.

It is so **ORDERED**.

                                                Thomas A. Wiseman, Jr.
                                                Senior U.S. District Judge