IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY and ASHLEY JACKSON, Individually ) <br> and o/b/o JOHN DOE, a minor, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SUMNER COUNTY BOARD OF EDUCATION ) <br> and DONNA WEIDENBENNER Individually and ) <br> in her official capacity as Special Needs Teacher ) <br> of Station Camp Elementary School, ) <br> ) <br>     Defendants. ) | Civil Action No. 3:09-cv-1005 <br><br> Judge Thomas A. Wiseman, Jr. <br> Magistrate Judge Juliet E. Griffin |

## ORDER AND FINAL JUDGMENT

Before the Court is Defendant Sumner County Board of Education's Motion for Summary Judgment (Doc. No. 62). Defendant Donna Weidenbenner has filed her own separate motion for summary judgment (Doc. No. 66), incorporating by reference the Board's Memorandum in Support of its motion (Doc. No. 64) as well as the Board's Concise Statement of Material Facts (Doc. No. 65). Plaintiffs have filed their response in opposition to the motions, which have now been fully briefed and are ripe for resolution.

Defendants previously filed motions to dismiss and/or to strike certain portions of the Complaint. On September 20, 2010, the Court denied the motion to strike, denied the Rule 12(b)(1) motions to dismiss for failure to exhaust under the IDEA, and granted in part the 12(b)(6) motions by dismissing without prejudice the Rehabilitation Act and Section 504 claims (Count IV) asserted against the Board and by dismissing with prejudice (1) that portion of Count I alleging deprivation of John Doe's right to familial association; (2) Count III, alleging deprivation of Plaintiffs' rights to familial association; (3) the claims against the Board based directly on Weidenbenner's behavior based on a theory that she was an official policymaker for the Board; (4) claims against the Board based on the Board's purported special relationship with John Doe; and (5) the claims in Count IV (Rehabilitation Act and Section 504 claims (Count IV) against Weidenbenner in her official and individual capacities. (Sept. 20, 2010 Order, Doc. No. 50.) All other portions of the 12(b)(6) motions were denied.

As a result of the Court's ruling, there remained pending causes of action against both the Board

and Weidenbenner under 42 U.S.C. § 1983. The claim against Weidenbenner, Count I, is premised upon allegations that Weidenbenner violated § 1983 by depriving John Doe, under color of law, of rights secured by the First and Fourteenth Amendments to the United States Constitution, "includ[ing], but . . . not limited to" freedom from the use of excessive force, the deprivation of liberty and property without due process of law, freedom from summary punishment, and freedom from the use of arbitrary government action which "shocks the conscience of a civilized society." (Compl. ¶¶ 19–20.)

The § 1983 claim asserted against the Board in Count II of the Complaint is based upon an alleged deliberate indifference on the part of the School Board manifested by failure to train or discipline teachers in the detection and prevention of abuse against students by teachers, or to investigate properly reports of abuse by teachers, all of which resulted in the alleged deprivation of John Doe's rights to "be free from unreasonable seizures, use of force and arbitrary governmental activity which shocks the conscience in violation of the rights secured to him by the Fourth and Fourteenth Amendment[s]." (Compl. ¶ 23.) Plaintiffs also seek to hold the Board liable under § 1983 for Weidenbenner's actions "under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, respondeat superior, joint venture, contract and as a result of their [sic] non-delegable duty to provide educational services to disabled persons in compliance with the constitution and laws of the United States and the State of Tennessee." (Compl. ¶ 28.)

In other words, all of Plaintiffs' claims are contingent upon a threshold finding that Weidenbenner actually violated John Doe's constitutional rights. As set forth in the accompanying Memorandum Opinion, the Court finds based on the undisputed facts that Weidenbenner's actions, some of which may plausibly be characterized as abusive, do not rise to the level of constitutional violations. For that reason alone, Defendants are entitled to summary judgment in their favor.

Defendants' motions for summary judgment (Doc. Nos. 62 and 66) are therefore **GRANTED** and this matter **DISMISSED** in its entirety. Judgment is hereby entered in favor of Defendants.

It is so **ORDERED**.

This is a final judgment for purposes of Fed. R. Civ. P. 58 from which an appeal may lie.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge